SIOUX CITY, IOWA, Appellee, v. ROY S. KRAGE et al., Defendants, Appellants, SOUTHERN SURETY COMPANY, Defendant.

No. 44481.

OCTOBER 25, 1938.

Fred H. Free and Robert P. Munger, for appellee.

Edwin J. Stason, for appellants.

KINTZINGER, J.—On or about April 24, 1931, the city of Sioux City entered into a contract with Roy S. Krage and C. M. Jensen, as Jensen & Krage, for the construction of a concrete pavement on certain streets, highways, and alleys in Sioux City, Iowa.

The plans and specifications called for a pavement thereon six inches in thickness. Plaintiff's petition alleges that defendants failed to construct a pavement of the thickness required by the plans and specifications. The contract also provides that where the pavement has not been constructed as required by the plans and specifications, the city may recover damages for the cost of "coring" for the purpose of determining the thickness of the pavement.

Plaintiff asks damages in the sum of $11,532.14 caused by defendants' failure to construct the pavement of the required thickness, and also asks judgment for $834.74 for the cost of "coring" to ascertain the thickness of the pavement. These matters were all alleged in plaintiff's original petition filed in August, 1933. To this petition defendants filed their separate answers in 1935.

In 1937 the city of Sioux City filed an amendment to its petition alleging in substance that the plaintiff brought the action in its own behalf and as the "owner" named in the contract, specifications, and other exhibits attached to the petition, and also as "obligee named in the various construction bonds sued upon in this action, and also for the benefit of any and all other property owner or person who has suffered loss or damage

by the non-performance of any of the contracts, * * * for the breach of which this action is brought.''

Appellants filed a motion to strike because the action for damages for defective paving was improperly joined with the action for the cost of ''coring'' as being a misjoinder of parties; and as a misjoinder of causes of action, one being for the benefit of the property owners and the other for the city in its individual capacity. Defendants also filed a motion for a more specific statement. These motions were overruled. Defendants appeal.

I. Appellants contend that the court erred in failing to strike from the various counts of the petition the cause of action commenced in plaintiff's capacity as agent or trustee for the abutting property owners, because such action is improperly joined with an action on a claim in damages for ''coring'' the pavement to determine its thickness.

It is true that this action includes damages for coring the pavement, but an action therefor is provided in one and the same contract authorizing damages for defective paving. The following clause appears in the construction contract:

''Defective Work. When the Superintendent or Engineer has reason to believe that any portion of the work has not been properly done, and in accordance with the specifications, *he may cut into or tear down such portion of the work, and the contractor shall pay all costs of removing and restoring the same, if it be found improperly done,* but if such work has been done according to contract, the city shall pay all such costs.'' (Italics ours.)

This action is properly brought under section 10968 of the Code of 1935, which provides:

''An executor or administrator, a guardian, a trustee of an express trust, a party with whom or in whose name a contract is made for the benefit of another, or party expressly authorized by statute, may sue in his own name, without joining with him the party for whose benefit the action is prosecuted.''

In considering a similar question this court in Sioux City v. Western Asphalt Paving Corporation, 223 Iowa 279, 1. c. 288, 271 N. W. 624, 1. c. 631, 109 A. L. R. 608, said:

"While not presented by appellee in its argument, there is a legal basis to sustain the right of the city to bring this action, not in its own right, but in its own name. Section 10968 of the Code provides: * * * [hereinabove set out]. This provision of the statute in substance has been the law in this state since the Revision of 1860, and has been applied by the courts in many instances involving situations analogous to the one with which we are here confronted, and this court has, quite uniformly, liberally construed this provision of the statute in the interests of justice, and in accordance with the underlying principle and spirit and purpose for which it was enacted. * * *

"In the instant case, the contract is with the city. The obligee named in the bond, and who is therein designated as the 'owner,' is the city. It is alleged that the contract has been breached and not substantially performed. The bond was given to secure the faithful performance of the contract. This gives rise to a cause of action against the contractor and the bondsmen to recover the damage caused by the breach of the contract. The bond is a statutory bond, which is required to be given for the faithful performance of the contract. Under the facts disclosed by this record, any damage recovered must be concededly for the benefit of the abutting property owners who have paid or will be compelled to pay the special assessment certificates. We think it must also be conceded that the city has a right to recover under the contract the expense of coring where the paving proves to be sufficiently deficient in thickness to bring the case within the provisions of the specifications * * *".

In that case as in this, the contract provided that the bond shall be for the benefit of said city and all persons injured by the breach of any of the terms and provisions thereof. This court in that case said, 223 Iowa 279, l. c. 290, 271 N. W. 624, l. c. 632:

"The court must assume that the city officials will perform their legal duties and account for this money to the abutting property owners for any amount recovered in which they have the beneficial interest, *after deducting the cost which the city is put to in recovering the same*. It ought to be said that proper practice in pleading to avoid any controversy over a matter of this kind calls for an allegation in the petition to the effect

1158

that the action is brought on behalf of the city and on behalf of the parties beneficially interested, *but we are not prepared to hold that the failure to incorporate such allegation in the petition in this case is fatal to the right of the plaintiff to bring the action in its own name.* * * * The contract, bond, and specifications were part of the petition and plainly indicate the true relationship which the city as a party to the contract and as obligee in the bond sustained to all interested parties." (Italics ours)

It may further be said that in this case the plaintiff, in order to come within the suggestion of this court as to the proper practice of pleading, has, by an amendment to its petition, alleged in substance that this action is brought on behalf of the city and on behalf of the parties beneficially interested.

The pleadings in this case are also authorized by section 10960 of the Code, which provides:

"Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition."

This action is commenced for damages for defective paving, and also for the cost of determining whether or not the paving is defective. The right to recover the costs of such determination is authorized by the contract itself; and, if it is found that the pavement is defective, such cost should, under the contract, be added to the damages for the defective pavement.

We are constrained to hold that the action of the lower court in overruling the motion to strike for misjoinder of parties or causes of action was properly overruled.

II. Appellants also complain of the court's action in overruling the defendants' motion for a more specific statement. We have carefully examined this assignment of error but find no merit therein.

For the reasons hereinabove expressed, the judgment of the lower court is hereby affirmed.—Affirmed.

SAGER, C. J., and STIGER, ANDERSON, and DONEGAN, JJ., concur.